R. C. AVENT, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 46405, 53550. Promulgated June 28, 1933.

*Geo. E. H. Goodner, Esq.,* and *W. K. Smith, C. P. A.,* for the petitioner.

*Hartford Allen, Esq.,* for the respondent.

OPINION.

LANSDON: Two appeals are consolidated for hearing in these proceedings and both challenge the respondent's holding that during the years in review the business firm of R. C. Avent & Sons was a copartnership. Income tax deficiencies for 1927 and 1928 are in dispute in the amounts of $6,313.84 and $298.29, respectively.

In 1923 the petitioner purchased a tract of timberland upon which, in 1924, he built a sawmill, and has since been engaged in the lumber-manufacturing business under the firm name of R. C. Avent & Sons. In the conduct of this business the petitioner has been associated with his sons, R. C. Avent, Jr., and O. B. Avent, both of whom drew salaries of $1,800 per annum from the business, which was charged against their interests, respectively, in the future earnings of the business.

For 1924 and 1925 the petitioner filed partnership income tax returns for the firm of R. C. Avent & Sons, in which he reported the relative interests of its members and their ratable shares in losses and income, as follows:

*1924*

| Name of partners | Interest in the business | Balance of distributable net income (or loss) |
|---|---|---|
| | Percent | (Loss [1]) |
| R. C. Avent (petitioner) | 34 | $1,644.57 |
| R. C. Avent, Jr | 33 | 546.20 |
| O. B. Avent | 33 | 546.20 |

*1925*

| Name of partners | Interest in the business | Balance of distributable net income (or loss) |
|---|---|---|
| | Percent | (Gain [2]) |
| R. C. Avent (petitioner) | 34 | $576.57 |
| R. C. Avent, Jr | 33 | 2,359.62 |
| O. B. Avent | 33 | 2,359.62 |

[1] Allowing for salaries at $50 to two last named petitioners.
[2] Including $1,800 salaries to each of last two named.

In his individual income tax returns for 1924 and 1925, respectively, the petitioner reported loss and gain, in harmony with the above showing in the returns of R. C. Avent & Sons, which he described as a partnership firm doing business at Cottrell, Alabama. No return was filed for R. C. Avent & Sons in 1926; the petitioner, however, in his individual return for that year reported receipt of $8,650.98 as his distributive share of the earnings of that firm, which

he designated by name in the appropriate column for listing partnership income.

Respecting the operations of R. C. Avent & Sons, the petitioner claimed a loss deductible from his gross income in 1927, which he explained in his return filed for that year as follows:

ITEM 16 (B) LOSS ON SAW MILL.

The taxpayer acquired timber and constructed a saw mill at Fruitdale, Ala. He took into a partnership, his two sons, R. C. Avent, Jr., and O. B. Avent. The sons contributed no capital to the firm, but were to receive each 33 per cent of the profits. The operations resulted in a loss for 1927, as was also the case for 1926. Due to the fact that R. C. Avent, Jr., and O. B. Avent have nothing with which to pay their share of the losses, the taxpayer has become liable for all of the losses sustained. The loss for 1927 is shown in Schedule A. The Partners' Accounts which the taxpayer has been forced to assume, were as follows:

| | |
|---|---|
| R. C. Avent, Jr | $9,433.11 |
| O. B. Avent | 9,433.11 |
| | $18,866.22 |

All of the above amount represents actual operating losses from organization of the partnership to January 1, 1927.

Petitioner also claimed deduction for additional losses amounting to $18,855.63 sustained by him in operation of the business of R. C. Avent & Sons, in 1927, which he reported as a proprietorship business in that year. For the year 1928 the petitioner filed an individual income tax return in which he reported the business carried on by the firm of R. C. Avent & Sons as his sole business and claimed the right to deduct $19,726.33 as a loss sustained by him in its operations for that year.

The respondent has rejected the petitioner's claim that the losses in question were sustained by him as an individual operator and has reduced his allowable share in them to correspond to his ratable share shown in the schedule of interest set out in the partnership returns, and as first claimed by him in his individual returns for 1924, 1925, and 1926.

Upon the record we think the holding of the respondent must be sustained. Clearly, from the returns filed by the petitioner for himself and for the firm for 1924, 1925, and 1926, the respondent was justified in taking him at his word and holding the firm of R. C. Avent & Sons to be a partnership in those years. Until the contrary is shown we must assume that such relationship continued throughout the years in review.

The evidence introduced by the petitioner at the hearing has not convinced us that the respondent erred in his holding respecting this partnership and we, therefore, deny the contentions of the petitioner in relation thereto.

The petitioner's alternative claim, that he be allowed to deduct from his 1927 income his sons' portions of the partnership losses, must fail for want of proof to establish that right. The bad debt theory, advanced by counsel, is contrary to the testimony of R. C. Avent, Jr., who stated, in substance, that under their agreement petitioner was to bear all expenses, in the first instance, and await reimbursement from the income before profits were distributed. Accordingly, this witness stated that he had at no time shared in profits or been called upon to pay any part of the losses of the business.

*Decision will be entered for the respondent.*